IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARK ANTHONY DIAZ, | ) | CIV. NO. 15-00451 JMS-BMK |
| | ) | |
| Plaintiff, | ) | ORDER (1) GRANTING |
| | ) | APPLICATION TO PROCEED |
| vs. | ) | WITHOUT PREPAYING FEES AND |
| | ) | COSTS, DOC. NO. 8; AND |
| ARGON AGENCY INC., | ) | (2) DISMISSING COMPLAINT IN |
| | ) | PART WITH LEAVE TO AMEND |
| Defendant. | ) | |
| _____ | ) | |

## ORDER (1) GRANTING APPLICATION TO PROCEED WITHOUT PREPAYING FEES AND COSTS, DOC. NO. 8; AND (2) DISMISSING COMPLAINT IN PART WITH LEAVE TO AMEND

## I. INTRODUCTION

On October 27, 2015, Plaintiff Mark Anthony Diaz ("Plaintiff"),

proceeding pro se, filed a Complaint alleging that Defendant Argon Agency Inc.'s

("Defendant") representations to credit reporting bureaus regarding Plaintiff's

alleged disputed debt to The Queens Medical Center violated the Federal Trade

Commission Act ("FTCA"), the Fair Debt Collection Practices Act ("FDCPA"),

the Fair Credit Reporting Act ("FCRA"), the Uniform Commercial Code ("UCC"),

the Consumer Financial Protection Act ("CFPA"), and constitute defamation.

Doc. No. 1.  On November 9, 2015, Plaintiff filed an Application to Proceed in

District Court Without Prepaying Fees or Costs ("IFP Application").[1]  Doc. No. 8.

Pursuant to Local Rule 7.2(d), the court finds these matters suitable for disposition

without a hearing.

Based on the following, the court GRANTS Plaintiff's IFP

Application, and DISMISSES Plaintiff's Complaint in part with leave to amend.

## II. DISCUSSION

### A.    Plaintiff's IFP Application Is Granted

Plaintiff's November 9, 2015 IFP Application indicates that he earns

approximately $30,000 per year, has no savings, owns a 2011 Nissan Leaf (for

which he is "still working out payment"), and has no other assets.  Doc. No. 8

¶¶ 2-5.  Plaintiff has monthly bills for rent, food, telephone, and internet services

totaling $2,000.  *Id.* ¶ 6.  In addition, Plaintiff owes $3,000 in credit card debt and

supports three young children.  *Id.* ¶¶ 7-8.  Because Plaintiff has made the required

showing under 28 U.S.C. § 1915 to proceed *in forma pauperis* (*i.e.*, without

prepayment of fees), the court GRANTS Plaintiff's IFP Application, Doc. No. 8.

---

[1]  This is Plaintiff's third Application to Proceed in District Court Without Prepaying
Fees or Costs ("IFP Application").  On October 27, 2015, Plaintiff filed a partially completed IFP
Application, Doc. No. 5, which was denied without prejudice to refiling a fully completed
application.  Doc. No. 6, Order at 3.  On October 30, 2015, Plaintiff filed another partially
completed IFP Application, Doc. No. 7, which is hereby DENIED as moot, and on November 9,
2015, Plaintiff filed a fully completed IFP Application that is now before the court.  Doc. No. 8.

**B.      Plaintiff's Complaint Is Dismissed in Part with Leave to Amend**

    *1.      The Complaint*

As referenced in a "Notice and Demand to Validate Debt Claim," dated September 25, 2015 and attached to the Complaint, this action arises from an alleged debt of $4,048.34 owed by Plaintiff to The Queens Medical Center. Doc. No. 1-3, Pl.'s Ex. C.  As alleged in the Complaint, Defendant "represented to credit reporting bureaus . . . that [P]laintiff's alleged debt is valid and has unpaid balances, defaulted payment dates, monthly payment amounts, delinquency status and unpaid fees or other amounts due." Doc. No. 1, Compl. ¶ 8.  The Complaint further alleges that Plaintiff disputed the validity of the debt, and that Defendant "failed to provide the required information verifying the debt, or failed to consider or respond to the disputes, prior to continuing collection." *Id.* ¶ 9.  Thus, the Complaint alleges that by failing to verify the dispute, Defendant's representations to credit reporting bureaus were false, and have harmed Plaintiff by "blocking [his] credit worthiness in financing and housing." *Id.* ¶¶ 9-10.  The Complaint further alleges that because the debt was disputed, Defendant knew or had reason to believe that the information provided to the credit reporting bureaus was inaccurate. *Id.* ¶ 20.

Based on the foregoing, the Complaint asserts the following eight

claims:

> Count I -- Deceptive Practice in Violation of § 5(a) of the FTCA, 15 U.S.C. § 45(a);

> Counts II & III -- Deceptive Act or Practice (Count II) and Misrepresentation of a Debt (Count III) in Violation of the CFPA, 12 U.S.C. §§ 5531(a) & 5536(a)(1)(B);

> Counts IV & V -- Failure in Reporting Disputed Debts (Count IV) and Reporting Invalid Debt (Count V) in Violation of the FDCPA, 15 U.S.C. §§ 1692e(8) (Count IV) & 1692g(b) (Count V);

> Count VI -- Furnishing Information Known to be Inaccurate in Violation of the FCRA, 15 U.S.C. § 1681s-2(a)(1)(A);

> Count VII -- Defamation and Financial Injury; and

> Count VIII -- Failure to Provide an Authentic Statement of Account in Violation of the UCC, Hawaii Revised Statutes ("HRS") §§ 490:9-210 & 9-625(f).

Plaintiff seeks injunctive relief, damages, and an award of costs and

fees.

## 2.   *Standards of Review*

The court must subject each civil action commenced pursuant to 28

U.S.C. § 1915(a) to mandatory screening, and order the dismissal of any claims it

finds "frivolous, malicious, failing to state a claim upon which relief may be

granted, or seeking monetary relief from a defendant immune from such relief."

4

28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir.

2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires"

the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a

claim); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding

that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

　　　　Plaintiff is appearing pro se; consequently, the court liberally

construes the Complaint.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also*

*Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has

instructed the federal courts to liberally construe the 'inartful pleading' of pro se

litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)).

The court also recognizes that "[u]nless it is absolutely clear that no amendment

can cure the defect . . . a pro se litigant is entitled to notice of the complaint's

deficiencies and an opportunity to amend prior to dismissal of the action."  *Lucas*

*v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*,

734 F.3d 967, 977-78 (9th Cir. 2013).

　　　　Nevertheless, the court may dismiss a complaint pursuant to Federal

Rule of Civil Procedure 12(b)(6) if it fails to "contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008).  This tenet -- that the court must accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).  Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556).  Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8.  *Id.* at 679.

A complaint must also meet the requirements of Federal Rule of Civil Procedure 8, mandating that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  A district court may dismiss a complaint for failure to comply with Rule 8 where it fails to provide the defendant fair notice of the wrongs allegedly committed.  *See McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on

what theory, with enough detail to guide discovery"); *cf. Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1105 n.4 (9th Cir. 2008) (finding dismissal under Rule 8 was in error where "the complaint provide[d] fair notice of the wrongs allegedly committed by defendants and [did] not qualify as overly verbose, confusing, or rambling").   Rule 8 requires more than "the-defendant-unlawfully-harmed-me accusation[s]" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (citations and quotations omitted).   "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (quotation signals omitted).   "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *McHenry*, 84 F.3d at 1179.

> ### 3.   *Application to the Complaint's Allegations*
>
> a.   Count I -- deceptive practice in violation of § 5(a) of the FTCA, 15 U.S.C. §45(a)

The FTCA prohibits "unfair or deceptive acts or practices in commerce."  15 U.S.C. § 45(a)(1).  However, there is no private right of action under the FTCA.  *See O'Donnell v. Bank of Am., Nat'l Ass'n*, 504 F. App'x 566, 568 (9th Cir. 2013) ("[T]he Federal Trade Commission Act . . . doesn't create a

private right of action."); *see also Carlson v. Coca Cola Co.*, 483 F.2d 279, 280

(9th Cir. 1973) ("The protection against unfair trade practices afforded by the

[FTCA] vests initial remedial power solely in the Federal Trade Commission.").

Because Plaintiff cannot enforce the FTCA, granting leave to amend would be

futile.  Accordingly, Count I is DISMISSED with prejudice.

> b.      Counts II & III -- deceptive act or practice (Count II) and
>         misrepresentation of a debt (Count III) in violation of the
>         CFPA, 12 U.S.C. §§ 5531(a) & 5536(a)(1)(B)

The CFPA authorizes the Consumer Financial Protection Bureau

("CFPB") to take action against any person "committing or engaging in an unfair,

deceptive, or abusive act or practice . . . in connection with any transaction with a

consumer for a consumer financial product or service."  12 U.S.C. § 5531(a).  It

also makes it unlawful for one providing consumer financial services to "engage in

any unfair, deceptive, or abusive act or practice."  12 U.S.C. § 5536(1)(1)(B).

But there is no private right of action under these provisions of the

CFPA, which merely outline duties, authorities and enforcement powers of the

CFPB.  *See Nguyen v. Ridgewood Sav. Bank*, 2015 WL 2354308, at *11 (E.D.N.Y.

May 15, 2015) (finding "no statutory basis . . . for finding a private right of action

under these provisions of the CFPA"); *see also Johnson v. J.P. Morgan Chase*

*Nat'l Corporate Servs., Inc.*, 2014 WL 4384023, at *5 (W.D. N.C. Aug. 5, 2014)

("[T]here is no private right of action under the CFPA."); *In re Capital One Derivative S'holder Litig.,* 2012 WL 6725613, at *7 (E.D.Va. Dec. 21, 2012) (same).[2]  Because Plaintiff cannot enforce the CFPA, leave to amend would be futile.  Therefore, Counts II and III are DISMISSED with prejudice.

      c.      Count IV -- failure in reporting disputed debts in violation of the FDCPA, 15 U.S.C. § 1692e(8)

The FDCPA provides that a debt collector may not communicate "to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."  15 U.S.C. § 1692e(8).  "To state a claim under the FDCPA, a plaintiff must allege facts supporting a reasonable inference that (1) the defendant was a debt collector and (2) it engaged in practices prohibited under the FDCPA in attempt to collect a debt."  *Sime v. IQ Data Int'l, Inc.*, 2015 WL 3833452, at *3 (N.D. Cal. June 19, 2015) (citing *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 576 (2010)).

Here, the Complaint alleges that Plaintiff disputed the debt, and that in the course of collecting debts from consumers, Defendant nevertheless failed to report to the credit bureaus that Plaintiff's debt was disputed.  Attached to the

---

[2] Further, the CFPA § 5564(a) limits any cause of action to "the Bureau," not private parties.  *See* 12 U.S.C. § 5564(a).

Complaint are copies of letters Plaintiff wrote to Defendant requesting validation of the debt.  *See* Doc. Nos. 1-1 & 1-2, Pl.'s Exs. A & B.  This is sufficient, at this stage of the litigation, to state a claim for violation of § 1692e(8).  *See id.* (finding allegation -- that the defendant is in the business of regularly collecting debts alleged to be due another -- to be sufficient to allege that the defendant is a debt collector, and citing cases); *see also Boatley v. Diem Corp.*, 2004 WL 5315892, at *3 (D. Ariz. Mar. 24, 2004) (granting summary judgment based on undisputed allegations that the plaintiff notified debt collector that she disputed debt, and the defendant failed to amend its report to a consumer reporting agency).

> d.    Count V -- reporting invalid debt in violation of the FDCPA,
> 15 U.S.C. § 1692g(b)

The Complaint alleges that Defendant failed to validate the debt, and instead, has continued to report it to credit bureaus, in violation of § 1692g of the FDCPA.  Section 1692g provides in relevant part:

> (a) Notice of debt; contents.  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall . . . send the consumer a written notice containing --
> (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the

debt collector in writing within the thirty-day period that
the debt, or any portion thereof, is disputed, the debt
collector will obtain verification of the debt or a copy of
a judgment against the consumer and a copy of such
verification and or judgment will be mailed to the
consumer by the debt collector; and (5) a statement that,
upon the consumer's written request within the
thirty-day period, the debt collector will provide the
consumer with the name and address of the original
creditor, if different from the current creditor.

(b) Disputed debts.  If the consumer notifies the debt
collector in writing within the thirty-day period
described in subsection (a) of this section that the debt,
or any portion thereof, is disputed, . . . the debt collector
shall cease collection of the debt, or any disputed portion
thereof, until the debt collector obtains verification of the
debt or a copy of a judgment . . . and a copy of such
verification . . . is mailed to the consumer by the debt
collector. . . .

15 U.S.C. § 1692g(a)-(b).

Here, neither the Complaint nor Plaintiff's exhibits attached to the

Complaint allege that Defendant either did or did not send Plaintiff notice of the

debt pursuant to § 1692g.  Rather, Plaintiff's exhibits refer to reports received

from Care Credit Service, *see* Doc. No. 1-1, Pl.'s Ex. A, and The Queens Medical

Center.  *See* Doc. No. 1-2, Pl's. Ex. B.  The thirty day period within which a debt

collector must validate a debt runs from the date the debt collector sent the debtor

a § 1692g(a) notice.  Without first alleging that Defendant sent a § 1692g(a)

11

notice, Plaintiff has failed to state a claim that Defendant failed to validate the debt in violation of § 1692g(b).  In other words, "[i]if the collector never sends the debtor a § 1692g(a) notice, then the thirty-day period never commences or occurs, which means that it is impossible for the debtor to demand validation within that (non-existent) thirty-day period.  Under these circumstances, § 1692g(b)'s requirement that the collector validate the debt is never triggered." *Allen v. Bank of Am., N.A.*, 2012 WL 5412654, at *5 (N.D. Ill. Nov. 6, 2012) ("Although Allen requested validation many times . . . , because [the defendant] never sent a § 1692g(a) notice, none of Allen's requests could possibly have come within thirty days of Allen's receipt of that notice, meaning that § 1692g(b) never imposed on [the defendant] a duty to validate."); *see also Settle v. Sw. Bank*, 2010 WL 2041366, at *2 (E.D. Mo. May 21, 2010) ("While Plaintiff relies on Subsection (b) of Section 1692g, Plaintiff fails to allege the minimum allegations necessary for such a claim.  Subsection 1692g(b) is dependent upon the conditions precedent of Subsection (a) having occurred.").

Plaintiff has failed to state a valid claim for violation of § 1692g of the FDCPA.  Because Plaintiff may be able to allege facts showing Defendant sent a § 1692g(a) notice, that Plaintiff disputed such notice within the thirty-day

period, and that Defendant failed to verify the debt, Count V is DISMISSED with leave to amend.

      e.     Count VI -- furnishing information known to be inaccurate in violation of the FCRA, 15 U.S.C. § 1681s-2(a)(1)(A)

Section 1681s-2(a)(1)(A) of the FCRA provides that "a person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or consciously avoids knowing that the information is inaccurate." But the FCRA expressly precludes a private cause of action to enforce violations of § 1681s-2(a). *See Gorman v. Wolfpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009) ("Duties imposed on furnishers under subsection (a) are enforceable only by federal or state agencies."); *Nelson v. Chase Manhattan Mortg. Corp.,* 282 F.3d 1057, 1060 (9th Cir. 2002) (noting that "Congress limited the enforcement of the duties imposed by § 1681s-2(a) to governmental bodies"). Plaintiff cannot enforce § 1681s-2(a) and therefore, amendment would be futile. Accordingly, Count VI is DISMISSED with prejudice.

      f.     Count VII -- defamation and financial injury

Plaintiff alleges generally that "[d]efamation and financial injury has [sic] occurred." Doc. No. 1, Compl. ¶ 23. Under Hawaii law, a plaintiff must

establish each of the following four elements to sustain a claim for defamation:

"(a) a false and defamatory statement concerning another; (b) an unprivileged

publication to a third party; (c) fault amounting at least to negligence on the part of

the publisher . . . ; and (d) either actionability of the statement irrespective of

special harm or the existence of special harm caused by the publication."

*Woodruff v. Hawaii Pac. Health*, 2014 WL 128607, at *9 (Haw. Ct. App. Jan. 14,

2014) (citation and quotation marks omitted).  The Complaint's allegation -- that

Defendant's representations that the alleged debt is valid, is in fact false -- is

conclusory.  It is based on Defendant's alleged failure to verify the debt.  Nowhere

does Plaintiff allege that the debt itself does not exist, is based on false charges, or

was paid in full.  Thus, Count VII fails to state a claim for defamation and is

DISMISSED.

      However, this dismissal is without prejudice -- "[u]nless it is

absolutely clear that no amendment can cure the defect . . . , a pro se litigant is

entitled to notice of the complaint's deficiencies and an opportunity to amend

prior to dismissal of the action."  *Lucas*, 66 F.3d at 248.  *See also Lopez v. Smith*,

203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).  Because Plaintiff may be able to

allege facts sufficient to show that the alleged debt is not valid and therefore

Defendant's representations were false, Count VII is DISMISSED with leave to amend.

> g.   Count VIII -- failure to provide an authentic statement of account in violation of HRS § 490:9-210

Plaintiff alleges that Defendant failed to provide an authentic statement of account in violation of HRS § 490:9-210, and that he is entitled to damages pursuant to § 490:9-625(f).  But Article 9 of the Hawaii UCC applies to interests in secured transactions.  *See* HRS § 490:9-101 ("This article may be cited as Uniform Commercial Code -- Secured Transactions."); *see also* § 490:9-109(a) (specifying that Article 9 applies to security interests).  Nowhere does the Complaint allege that the debt at issue is a security interest.  Rather, it appears to be a debt for services provided.  *See* Doc. No. 1-3, Pl.'s Ex. C (identifying alleged debt at issue in this action as being owed to The Queens Medical Center from three accounts totaling $4,048.34).

Count VIII fails to state a claim for violation of HRS §§ 490:9-210 or 490:9-625(f).  Although it appears very unlikely that Plaintiff will be able to show that the debt, or Defendant's interest in the debt, is a security interest, the court will allow Plaintiff an opportunity to do so.  Thus, Count VIII is DISMISSED with leave to amend.

### 4.    *Leave to Amend*

In sum, Plaintiff's Complaint is DISMISSED with prejudice as to the claims asserting violation of the FTCA, CFPA, and FCRA, and without prejudice as to his claim for violation of § 1692g(b) of the FDCPA, and his defamation and UCC claims.  Plaintiff's claim for violation of §1692e(8) of the FDCPA shall proceed at this time.  This means that Plaintiff is granted leave to file a First Amended Complaint by **January 8, 2016**, correcting the deficiencies of his § 1692g(b), defamation, and UCC claims.  Plaintiff may not, however, attempt to re-plead his FTCA, CFPA, and FCRA claims.

Alternatively, Plaintiff may elect to proceed with the present Complaint on his claim that Defendant violated § 1692e(8) of the FDCPA. Plaintiff should notify the court by January 8, 2016, if he elects to proceed only on this claim.  If Plaintiff fails to timely file a First Amended Complaint or notify the court of his intent, the court will nonetheless order service of his Complaint on Defendant and the remaining claims will be dismissed.

If Plaintiff chooses to file a First Amended Complaint, he must write short, plain statements telling the court: (1) the treaty, constitutional right, or statutory right he believes was violated; (2) the specific basis of this court's jurisdiction; (3) the name of the defendant who violated that right or statute;

(4) exactly what that defendant did or failed to do; (5) how the action or inaction of that defendant is connected to the violation of a particular statute or Plaintiff's rights; and (6) what specific injury Plaintiff suffered because of that defendant's conduct.  Plaintiff must clearly designate on the face of the document that it is a "First Amended Complaint."  An amended complaint generally supersedes a prior complaint, and must be complete in itself without reference to the prior superseded pleading.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled in part by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (en banc).  Claims dismissed without prejudice that are not realleged in an amended complaint may be deemed voluntarily dismissed.  *See Lacey*, 693 F.3d at 928 (stating that claims dismissed with prejudice need not be repled in an amended complaint to preserve them for appeal, but claims that are voluntarily dismissed are considered waived if they are not repled.).  In short, if Plaintiff chooses to file a First Amended Complaint, he must rename the existing Defendant, reallege his existing FDCPA claim (for violation of § 1692e(8)), and may amend his FDCPA (for violation of § 1692g(b)), defamation, and UCC claims.

The amended complaint must designate that it is the "First Amended Complaint," and may not incorporate any part of the original Complaint, but rather, any specific allegations must be retyped or rewritten in their entirety.

Plaintiff may include only one claim per count. Any cause of action not already dismissed with prejudice that is not raised in the First Amended Complaint is waived.[3] *King*, 814 F.2d at 567.

## III.  CONCLUSION

For the reasons stated above, the court GRANTS Plaintiff's IFP Application, and DISMISSES the Complaint in part. Specifically, Plaintiff's claims for violation of the FTCA, CFPA, and FCRA are DISMISSED with prejudice. Plaintiff's claim for violation of § 1692g(b) of the FDCPA, and his defamation and UCC claims are DISMISSED with leave to amend. Plaintiff's claim for violation of §1692e(8) of the FDCPA may proceed at this time.

Plaintiff is granted leave to file a First Amended Complaint by **January 8, 2016**, in compliance with this Order. In the alternative, Plaintiff may elect to proceed on his § 1692g(b) claim only. If Plaintiff fails to notify the court

///

///

---

[3] Claims that were dismissed *without* leave to amend need not be pleaded again in an amended complaint to preserve them for appeal. *See Lacey*, 693 F.3d at 928. However, "claims that have been dismissed with leave to amend and are not repled in the amended complaint will be considered waived." *Id.*

of his decision to proceed on the § 1692e(8) claim only or to file a timely First

Amended Complaint, the court will order service of the § 1692e(8) claim.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, November 30, 2015.



 /s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Diaz v. Argon Agency Inc.*, Civ. No. 15-00451 JMS-BMK, Order (1) Granting Application to Proceed Without Prepaying Fees and Costs, Doc. No. 8; and (2) Dismissing Complaint in Part with Leave to Amend